UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| J&J Sports Productions, Inc., | ) | Civil Action No.: 4:12-cv-01134-RBH |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **ORDER DENYING** |
| City Grill & Sports Bar, LLC, d/b/a | ) | **MOTION FOR** |
| City Grill & Sports Bar, Thomas J. | ) | **SUMMARY JUDGMENT** |
| Mitchell, | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

This is an action to recover damages for alleged wrongful interception of a televised fight by the defendants.[1]

Defendants move pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law. The grounds for the motion are (1) that the plaintiff has not established a *prima facie* case of violation by Defendants of the Communications Act of 1934 or the Cable & Television Consumer Protection and Competition Act of 1992 and has provided no evidence of common law conversion; (2) that Plaintiff has failed to produce any evidence of a wilful violation of either federal claim, thus negating its claim for enhanced damages; (3) that summary judgment should be granted as to the individual defendant on the basis that Plaintiff has produced no evidence that Mr. Mitchell was present for the violation, authorized it, or reaped any benefit; and (4) that in the alternative, Plaintiff should be required to elect its remedies.

---

[1] Under Local Rule 7.08, "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing."

1

## LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.*, quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (*citing Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id.* at 718-19 (*citing Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *Id.* and *Doyle v. Sentry, Insurance Inc.*, 877 F. Supp. 1002, 1005

2

(E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, *citing Celotex Corp.*, *supra*.

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

## FACTS

Plaintiff J & J Sports Production, Inc.(hereinafter J&J) was granted the exclusive nationwide commercial distribution rights to *The Floyd Mayweather, Jr. v. Shane Mosley, Welterweight Championship Fight Program*, telecast nationally on Saturday, May 1, 2010. According to the affidavit of Joseph Gagliardi, J&J's President, J&J's distribution rights encompassed all undercard events as well as the main event. Pursuant to the contract granting Plaintiff its distribution rights, it entered into sub-licensing agreements with various establishments to permit the public exhibition of the program. According to the affidavit of Dino Arnaz James, an investigator, he visited Defendant City Grill & Sports Bar on May 1, 2010 at 9:00 p.m. and observed the Mayweather /Mosley fight and/or its undercard preliminary bouts showing on two (2) televisions. He observed about sixty (60) people inside the establishment. He did not include a description of any of the employees in his affidavit.

## FEDERAL AND COMMON LAW CLAIMS

To establish liability under 47 U.S.C. § 553 or § 605, a plaintiff must establish that the

Defendants unlawfully exhibited, published or divulged a privileged communication and the signal transmitting that communication was delivered to the intercepting party by way of a satellite or cable transmission. *See* 47 U.S.C. § 553; 47 U.S.C. § 605.  These claims are strict liability statutes, so a showing of wilfulness is not required to establish liability.

In their Answers to Plaintiff's First Set of Interrogatories to Defendants (Exhibit 1 to the Declaration of Leonard R. Jordan, Jr.), Defendants state that they do not "recall" what type of programming was displayed at City Grill & Sports Bar. In their Answers to Plaintiff's First Requests for Admissions to Defendants (Exhibit 2 to the Jordan Declaration),  Defendants deny showing the *Program.*  To the contrary, Plaintiff submitted a sworn affidavit from an eye-witness who observed the broadcast of the *Program* at Defendants' establishment on May 1, 2010. While the evidence on summary judgment is to be viewed in the light most favorable to the non-moving party (here, Plaintiff), even viewing the evidence in a light most favorable to Defendants, all they have established is that there is a genuine issue of material fact with respect to whether the *Program* was broadcast at City Grill & Sports Bar. This does not meet the summary judgment standard. *See* Fed.R.Civ.P. 56(a).

Defendants' primary argument appears to be that Plaintiff cannot establish liability because the investigator's affidavit is "vague,"[2] *(Defendants' Memorandum* at 10), because it makes no mention of Defendant Mitchell being physically present and because it does not "discuss any specifics of the establishment, any employees, or any commercial or private financial gain." *Id.* The investigator's affidavit includes, *inter alia,* the date and time of the unlawful interception, the name of the establishment, the specific fight observed, what the fighters were wearing, the number

_____

[2] Defendants refer to the investigator's affidavit as "unauthenticated".  However, the affidavit was sworn before a notary public and as such is self-authenticating.

4

of patrons, and the number of televisions.  There is no legal requirement that an affidavit describe the employees who were present.   Plaintiffs have presented sufficient evidence to show a *prima facie* case of violation of the federal statutes and to show common law conversion.[3]

## EVIDENCE OF WILFULNESS

Defendants appears to assert that Plaintiff has failed to show wilfulness in support of an award of enhanced damages.  The Court disagrees.  Many factors are relevant in determining whether to award enhanced statutory damages, including the interception of the broadcast itself and its display to patrons without paying a license fee.  "The act of intercepting an encrypted broadcast is not done by accident, but requires an affirmative action by the defendant."  *Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc*., 920 F.Supp.2d 659, 668 (E.D. Va. 2013).

## LIABILITY OF INDIVIDUAL DEFENDANT, MITCHELL

To hold an individual defendant liable in an individual capacity, Plaintiff must demonstrate that the defendant authorized the violation or had both 'a right and ability to supervise' the violations and a strong financial interest in such activities."  *Joe Hand Promotions, Inc. v. Angry Ales, Inc.*, No. 3:06cv73, 2007 WL 3226451, *4 (W.D.N.C. Oct. 29, 2007). In the Interrogatory Answers, Defendant Mitchell states:

Defendant Thomas Mitchell was the sole proprietor and had no officers.
Defendant did have a silent partner originally named in this complaint, but his involvement ended.

Defendant Thomas Mitchell operated the business by himself and had not
employees (sic).

---

[3] Common law conversion is defined as "the unauthorized assumption and exercise of the rights of ownership and exercise of the rights of ownership over goods or personal chattels belonging to another, to the alteration of their condition or to the exclusion of the rights of the owner."  *Mullis v. Trident Emergency Physicians*, 351 S.C. 503, 570 S.E.2d 549, 550-51 (Ct. App. 2002).

*Def. Int. Answers* at 2 (Int. Nos. 3, 4). Defendant Thomas Mitchell also listed himself as the sole

person identified on the City of Florence, South Carolina business license for the establishment.

*Id.* at 3 (Int. No. 8). In the Answers to Plaintiff's Requests for Production, Defendant Mitchell

states:

> Defendant did not have a "staff" but had different family members work bar and
> kitchen. Defendant did not keep records of any pay, if they were paid at all.
> Defendant had no regular employees, just different family members would help
> out.

*Def. Requests for Production Answers* at 1-3 (Nos. 1, 2, 7, 8). Similarly, in his Memorandum,

Defendant states, "Defendant City Grill & Sports Bar LLC is a company solely owned by

Defendant Thomas J. Mitchell. Defendant ran this company with the help of family members and

did not maintain any payroll records." *Defendants' Memorandum* at 2.

In *J&J Sports Productions, Inc. v. 'Z Neighborhood Sports Grille, Inc.*, No. 2:09-031414-

DCN-RSC, 2010 WL 1838432 (D.S.C. Apr. 5, 2010), a Court in this district held:

> The Plaintiff has requested that the Defendant, Rolf Munk, III, the president of the
> corporate defendant, be held personally liable for the unlawful actions. The
> Plaintiff must show that the corporate officer had a right and ability to supervise
> the violations, and that [he] had a strong financial interest in such activities. . . .
> The said Defendant has not denied that he had supervisory control over the
> infringing activities and a financial stake in the business. The court therefore finds
> and concludes that said Defendant is directly or vicariously liable for the unlawful
> activities and concludes that the judgment debt, to be entered herein, should be
> against both Defendants, jointly and severally.

*'Z Neighborhood Sports Grille, Inc.,* 2010 WL 1838432 at *2 (internal quotations / citations

omitted). Defendant Mitchell has testified that he was the sole person with control over the

business and its sole owner. At a minimum, there is a genuine issue of fact with respect to this

issue.

6

**ELECTION OF REMEDIES**

Defendants contend that they are liable under Section 605 only if they exhibited radio or satellite communications without authorization and liable under Section 553 only if they received cable communications without authorization. They further allege that allowing a recovery against them under both Section 605 and the tort of conversion would amount to double recovery for the same loss. They contend in the alternative to the above arguments that J&J should be required to elect its remedy.

Plaintiff states in its brief that it "does not dispute that it may only recover under one statute." (Plaintiff's Memorandum, ECF No. 19, p. 7). However, it further states that a genuine issue of material fact exists as to which federal statute applies. The Court agrees. The facts taken in a light most favorable to the plaintiff indicate that the program was intercepted and broadcast at Defendants' establishment. It is premature to determine which method of interception occurred. It is also premature to dismiss the conversion claim on the basis of election of remedies. Unless the fact finder awards damages under section 605 or 553, the issue of whether an award of damages for conversion is appropriate is not ripe.

Based on the briefs and information submitted, I find as a matter of law that there are genuine issues of material fact. At this stage, it is not the Court's function to weigh the evidence, but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

For the foregoing reasons, the undersigned **DENIES** the defendants' motion for summary judgment.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

November 6, 2013
Florence, South Carolina